UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61845-RAR

**JOHN BOYCE**,

    Plaintiff,

v.

**DAVID HARPER**,
*Sheriff of Madison County*, et al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO TRANSFER VENUE

**THIS CAUSE** comes before the Court upon Defendant David Harper's Motion to Transfer Venue, ("Motion") [ECF No. 13], filed on November 18, 2022. Defendant Bobby Boatwright filed a Notice of Joinder in Motion to Transfer Venue on December 14, 2022, [ECF No. 19] ("Notice"). On December 19, 2022, Plaintiff John Boyce filed his Opposition to Defendant's Motion ("Opposition") [ECF No. 23]. The Court having carefully considered the relevant submissions and applicable law, it is hereby

**ORDERED AND ADJUDGED** that the Motion [ECF No. 13] is **DENIED** for the reasons set forth herein.

## BACKGROUND

Plaintiff filed the instant lawsuit on October 3, 2022, [ECF No. 1], and filed a Corrected Complaint on October 5, 2022. [ECF No. 8]. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and § 1988 against Defendants for alleged violations of his Fourth and Fourteenth Amendment rights due to false arrest, unlawful seizure, and malicious prosecution. Corrected Compl. [ECF No. 8] ¶ 2. Plaintiff also invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) to bring state tort false arrest and unlawful seizure claims. *Id.*

Plaintiff asserts that he was essentially framed for defrauding Vivian Mercurio through a scheme involving calling her, informing her that she had won "a large sum of cash," and instructing her to mail $7,500 to "John Boyce" at 1194 North State Road 7, Apt 317, Lauderhill, FL, which was Plaintiff's residence. *See* Corrected Compl. ¶¶ 13–19; Mot. at 1. Plaintiff avers that he never called Ms. Mercurio, but that instead a man by the name of David Freeman placed the calls unbeknownst to Plaintiff. *See* Corrected Compl. ¶13. Ms. Mercurio contacted the Sheriff's Office of Madison County, Florida to investigate this matter. *Id.* ¶¶ 23–26. Defendant David Harper is the Sheriff of Madison County, Florida, whom Plaintiff sues in his official capacity. *Id.* ¶ 6. The Sheriff's Office assigned Defendant Bobby Boatwright to investigate this matter on behalf of Ms. Mercurio. *See id.* ¶ 28.

Through various means, which Plaintiff asserts were legally deficient, Defendant Boatwright gathered evidence to obtain a probable cause arrest warrant for Plaintiff. *Id.* ¶¶ 29–69. On or about December 10, 2018, Defendant Boatwright contacted the Lauderhill Police requesting that they arrest Plaintiff on the warrant. *Id.* ¶ 69. The Lauderhill Police arrested Plaintiff and booked him into Broward County Jail. *Id.* During the timeframe of this case, Plaintiff was on community control supervision. *Id.* ¶ 45. This arrest led to Plaintiff being charged for violation of his probation, which resulted in his again being incarcerated in Broward County Jail on or about December 21, 2018. *Id.* ¶¶ 70–72. On or about December 27, 2018, Plaintiff entered a not guilty plea, denying any violation of his probation. *Id.* ¶ 72.

On or about January 15, 2019, the State Attorney for the Third Judicial Circuit, in Madison County, Florida, dismissed all charges against Plaintiff. *Id.* ¶ 75. Defendant Boatwright allegedly failed to notify the community control officer that the charges had been dismissed, which resulted in Plaintiff's continued incarceration in Broward County Jail until

March 5, 2019.  *Id.* ¶¶ 76–78.  Plaintiff was never convicted by any prosecuting authority of any criminal offense arising from the incidents in Madison County, Florida.  *Id.* ¶ 79.

Defendants' Motion argues that "most of the critical witnesses in the instant case are located in or around Madison County, Florida; the operative facts occurred in Madison County, Florida; and trial efficiency and the interests of justice favor transfer. . . to the Northern District Court's Tallahassee Division, which encompasses Madison County, Florida."  Mot. ¶ 5.  Plaintiff counters that as a homeless person and a dialysis patient who is required to receive treatments three times a week for several hours at a dialysis treatment center in Broward County, he would suffer extreme hardship by having to travel to the Northern District of Florida to litigate this action.  Opp'n at 5–6.  Moreover, other material witnesses, including Plaintiff himself, reside in Broward County.  *Id.*  Plaintiff also relies on Medicaid, food stamps, and social security disability, which would make the cost of travel extremely burdensome.  *See id.* at 5.

## LEGAL STANDARD

Venue in federal civil actions is governed by 28 U.S.C. § 1391(b).  There are two requirements a party must meet to succeed in a motion to transfer under 28 U.S.C. § 1404(a).  First, the cause can only be transferred to another "district where the action might have been brought." 28 U.S.C. § 1404(a); *see also Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc.*, 833 F. Supp. 882, 885 (M.D. Fla. 1993).  Second, the transfer must be warranted on grounds of convenience to the parties and the interests of justice.  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964); *Windmere Corporation v. Remington Products, Inc.*, 617 F. Supp. 8, 10 (S.D. Fla. 1985).  Courts have broad discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen*, 376 U.S. at 622); *accord Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1299 (S.D. Fla. 2002).

If a court finds an action could have been brought in the transferee forum, the court "must weigh various factors . . . to determine if a transfer to a more convenient forum is justified." *Windmere*, 617 F. Supp. at 10. In evaluating the second prong of the two-part test, courts analyze several factors including:

> **(1)** the convenience of the witnesses; **(2)** the location of relevant documents and the relative ease of access to sources of proof; **(3)** the convenience of the parties; **(4)** the locus of operative facts; **(5)** the availability of process to compel the attendance of unwilling witnesses; **(6)** the relative means of the parties; **(7)** a forum's familiarity with the governing law; **(8)** the weight accorded a plaintiff's choice of forum; and **(9)** trial efficiency and the interests of justice, based on the totality of the circumstances.

*Fruitstone v. Spartan Race Inc.*, 464 F. Supp. 3d 1268, 1277 (S.D. Fla. 2020). Plaintiff's choice of forum should be accorded considerable deference, and ultimately, transfer can only be granted where the balance of convenience of the parties strongly favors the defendant. *Id.* (quotations omitted). In this case, it is Defendants' burden to establish that the statutory factors weigh in favor of disrupting Plaintiff's choice of forum and transferring this matter to the Northern District of Florida. *See id.* (citing *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)).

## ANALYSIS

Although the Northern District of Florida could provide a proper venue for this action, Plaintiff's choice of forum is not improper and the interests of justice weigh in favor of maintaining this action in the Southern District of Florida.

**A.  Adequacy of the Northern District of Florida as a Forum**

Before considering whether a transfer is appropriate, the Court's threshold inquiry is whether this action could have been brought in the Northern District of Florida. *See Meterlogic, Inc.*, 185 F. Supp. 2d at 1299. An action "might have been brought" in a proposed transferee court if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court.

15 C. Wright, A. Miller and E. Cooper, Federal Practice and Procedure § 3845 (1976). This case could have been brought in the Northern District of Florida under § 1391(b), and Plaintiff concedes this. Opp'n at 3 n.1. Accordingly, the Court will move to the second prong of the two-part test by weighing the various factors laid out in *Fruitstone*. 464 F. Supp. 3d at 1277.

### B. Convenience to the Parties and the Interests of Justice

The Court finds that, on balance, the interest of justice tilts in favor of maintaining this action in the Southern District of Florida. Plaintiff's financial and health-related restrictions significantly tip the scales against transfer, and Defendants have not met their burden to overcome these significant considerations. Defendants' Motion instead largely ignores Plaintiff's personal difficulties as described in his Corrected Complaint, and erroneously argues that the Florida state judicial doctrine of Home Venue Privilege should bind federal courts. Most of this analysis relates to the **first**, **third**, **sixth**, and **eighth** factors described in *Fruitstone*. The rest of the factors appear to be in relative equipoise at this juncture in the litigation.

#### i. *Convenience of the witnesses and parties*

The parties in this action indicate that they will likely provide witness testimony, so the Court shall analyze the **first** and **third** factors together. The parties agree that "The convenience of both the party and non-party witnesses is probably considered the single most important factor in the analysis whether a transfer should be granted." *Osgood*, 981 F. Supp. 2d at 1264. A court should not merely "tally" the number of witnesses to reach a conclusion but should instead consider the materiality of each witness's testimony. *Id.* at 1264.

Defendant argues that the testimony of the agents of the Madison County Sheriff's Office will provide the most material assistance to the jury in resolving the issues in this case. Mot. at 3–5. All these individuals reside in the Northern District of Florida. *See id.* Plaintiff argues that in addition to himself, the FedEx worker who delivered Ms. Mercurio's money to Plaintiff's

residence, and the Lauderhill Police Officers who effectuated Plaintiff's arrest, are some of the individuals who could provide material testimony relevant to his case. *See* Opp'n at 5. These individuals reside in the Southern District of Florida. *See id.*

Both sides of this litigation have material witnesses that reside in the respective judicial districts at issue. The Court cannot divine at this time which side's witnesses will provide the most material testimony to deciding the case. These factors appear to be in equipoise. Accordingly, the Court will incorporate the **sixth** and **eighth** factors into its calculus: the relative means of the parties and Plaintiff's choice of forum.

### ii. *The relative means of the parties and Plaintiff's choice of forum*

Plaintiff's choice of forum should be accorded considerable deference and Defendants bear the burden of establishing that the statutory factors weigh strongly in favor of transfer. *See Fruitstone*, 464 F. Supp. 3d at 1277; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) (holding in the similar context of *forum non conveniens* analysis that, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed"). Plaintiff ostensibly chose to file his Complaint in the Southern District of Florida because he is a homeless dialysis patient with no savings whose sole monthly income is $840 in social security disability benefits and $120 in food stamps. *See* Opp'n at 5. Transferring this matter to the Northern District of Florida would understandably impose "extreme hardship" on Plaintiff. *Id.* at 6. Defendants' Motion does not indicate any similarly-extreme hardship Defendants might suffer should they have to litigate this matter in the Southern District of Florida. The Motion fails to even acknowledge or engage with Plaintiff's glaring list of restrictions.

Defendants instead attempt to partially ground their justification for transfer in an argument that the Florida state judicial doctrine of Home Venue Privilege binds this Court. *See* Mot. at 9–11. There are numerous flaws in Defendants' reasoning on this point. First, Florida

state court precedent does not bind this Court, especially when this Court is adjudicating a matter based on federal question jurisdiction. Second, the rulings of other district courts, even rulings from other courts in the Southern District of Florida, are merely persuasive and not binding. Therefore, Defendants' assertion that "This Court has held that Florida's common law 'home venue privilege' applies in federal court," Mot. at 9, is inaccurate because this Court has never held such a thing. As such, it is impossible for this Court "to go against its precedent," Mot. at 11, because this Court has never ruled on the issue of Home Venue Privilege and the rulings of other district courts do not set precedents that this Court is bound to follow. Only the Eleventh Circuit Court of Appeals and United States Supreme Court have the jurisdictional power to bind this Court.

Defendants' Motion also misinterprets the unpublished federal district court case it cites for the proposition that Home Venue Privilege "applies in federal court." Mot. at 9. The case of *MSPA Claims 1, LLC v. Halifax Health, Inc.* involved a contract dispute with a forum selection clause requiring that all disputes be litigated in Volusia County (which is located in the Middle District of Florida). *See* No. 17-20706, 2017 WL 7803813, at *3 (S.D. Fla. Oct. 13, 2017). The court in *MSPA Claims 1* noted that a valid forum-selection clause should be given controlling weight in all but the most exceptional cases. *Id.* at *4 (internal quotations omitted). Accordingly, the court found that the existence of the forum selection clause "weighed heavily in favor of transferring this case to the Middle District of Florida." *Id.*

The *MSPA Claims 1* court then discussed how the Home Venue Privilege doctrine's application to the defendants in the case was "[a]nother relevant consideration. . . ." *Id.* The forum selection clause in combination with the Home Venue Privilege were persuasive factors that convinced the court that transfer was proper. The court did not hold, however, that as a categorical matter the Home Venue Privilege doctrine always applies in federal court. Moreover, there is no

Page **7** of **9**

similar forum selection clause at play in the case at bar. Therefore, this Court will instead ground its analysis in the federal venue transfer statute and the federal caselaw applying that statute as the sole basis for its conclusions.

### iii. *The remaining factors*

The Court finds the **second**, **fourth**, **fifth**, **seventh**, and **ninth** factors to be in relative equipoise and, on balance, less important to the interests of justice in this case as compared to the factors discussed above. These remaining factors include: **(2)** the location of relevant documents and the relative ease of access to sources of proof; **(4)** the locus of operative facts; **(5)** the availability of process to compel the attendance of unwilling witnesses; **(7)** a forum's familiarity with the governing law; and **(9)** trial efficiency and the interests of justice, based on the totality of the circumstances.

Relevant documents may be located in both districts, so this factor is "virtually irrelevant," especially given the "pervasive existence of electronically stored documents" and electronic discovery tools. *See Fruitstone*, 464 F. Supp. 3d at 1282. Important aspects of this case took place in both the Northern District and Southern District of Florida, and it is not clear that "one primary locus" necessarily has the "strongest connection to the operative facts." *See Clinton v. Sec. Benefit Life Ins. Co.*, No. 19-24803, 2020 WL 6120565, at *6 (S.D. Fla. June 29, 2020), *report and recommendation adopted*, No. 19-24803, 2020 WL 6120554 (S.D. Fla. July 21, 2020). Both the Northern and Southern Districts of Florida may "command a person to attend a trial, hearing, or deposition within the state where that person resides, is employed, or regularly transacts business in person if the person (1) is a party or officer of a party, or (2) is commanded to attend a trial and would not incur a substantial expense." Fed. R. Civ. P. 45(c). Therefore, this fifth factor does not tilt in favor of either venue. Similarly, courts in the Northern

and Southern Districts are equally familiar with the governing state and federal law in this case, so this seventh factor presents no issue.

Lastly, concerns about trial efficiencies and the interests of justice do not tip the scales in favor of Defendants. Defendants argue that "there is an interest in having local controversies decided at home." Mot. at 9 (citing *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, 157 F. Supp. 3d 1219, 1229 (S.D. Fla. 2016)). But the parties are each "at home" in their respective districts, and Plaintiff gets to decide where to file his complaint. The Court is unpersuaded that the community of Madison County has any more of an interest than the community of Broward County in hosting the trial in this matter. Each side has individuals with deep investments in the outcome of this case. Simply because the "Madison County Sheriff's Office protects and serves citizens of Madison County, Florida, every day," Mot. at 9, does not give the Northern District of Florida more of an interest in hosting this litigation than the community to which Plaintiff belongs in the Southern District of Florida.

## CONCLUSION

Guided by the foregoing analysis, the Court holds that the convenience to the parties and witnesses, and the interests of justice, support maintaining this action in the Southern District of Florida. While the Northern District of Florida would be more convenient to some of Defendants' witnesses, that consideration is far outweighed by Plaintiff's choice of forum, his medical condition, and his relative poverty, all of which would impose extreme hardship on his ability to litigate this action in the Northern District of Florida. For these reasons, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion [ECF No. 13] is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 24th day of January, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**